United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DYANEL BOLES, et al.,

     Plaintiffs,

    vs.

COURVOISIER, et al.,

     Defendants.

Case No.: 11-cv-04854-YGR

**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION AND CONTINUING HEARING ON MOTION TO DISMISS**

On September 30, 2011, Defendant Jaguar Land Rover North America LLC ("Land Rover") removed this action from the Superior Court of California, County of Alameda ("State Court"). (Dkt. No. 1.) Removal is based on complete diversity between "all properly joined parties" (namely, Plaintiffs Dyanel Boles, De'Lesha Mahoney, and Mona McCarthy and Defendant Land Rover) and an amount in controversy in excess of $75,000. *Id.* at 1. Land Rover contends its removal was timely because on September 13, 2011, it ascertained, through Plaintiffs' written discovery responses, that Defendants in this action were fraudulently and procedurally misjoined. *Id.* at 2. Land Rover argues that the citizenship of Defendants Courvoisier, UrbanWorld, Vibe, and Mezzanine are irrelevant and should be disregarded for the purposes of diversity jurisdiction. *Id.* at 3–4. Moreover, it claims that Plaintiffs have not served Defendants Courvoisier, UrbanWorld, or Vibe in the two years that have passed since Plaintiffs filed their complaint with the State Court. *Id.* at 4. As to Defendant Mezzanine, Land Rover states that it is fraudulently joined because Plaintiffs only asserted claims against Mezzanine that are clearly barred by statutory immunity, to which the State Court sustained a demurrer. *Id.* No party has filed a motion to remand based on defect of removal or lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

On March 14, 2012, Defendant Mezzanine filed an Amended Motion to Dismiss for Failure to File an Amended Pleading. (Dkt. No. 26 ("Motion to Dismiss").) That motion is currently scheduled for hearing on May 1, 2012.

United States District Court
Northern District of California

From reviewing the Notice of Removal of Civil Action (Dkt. No. 1) and the briefs submitted on the Motion to Dismiss, it is appears to the Court that jurisdiction may be lacking.   The State Court's demurrer was sustained as to all claims against Defendant Mezzanine—with leave to amend all but one claim—and the Motion to Strike Plaintiffs' request for punitive damages was granted with leave to amend.  Despite Plaintiffs' failure to file a Second Amended Complaint, it does not appear that, under California Code of Civil Procedure section 581(f)(2) & (4), Defendant Mezzanine moved for dismissal nor that the State Court so dismissed the claims against it.  As such, Defendant Mezzanine may destroy diversity.  *See* 28 U.S.C. §§ 1441(b) & 1332(a).  It is further unclear to the Court whether Defendants Mezzanine, Courvoisier, UrbanWorld, and Vibe were procedurally misjoined or fraudulently joined, and whether, as such, their presence in this action destroys diversity.

For the foregoing reasons, the Court **ORDERS** that any party wishing to be heard on the issue of subject matter jurisdiction file supplemental briefing **no later than May 10, 2012**.  Any party wishing to respond to another party's briefing may file a response **no later than May 17, 2012**.  The supplemental briefing and response shall be no longer than seven (7) and five (5) pages, respectively. Until the Court has resolved the issue of jurisdiction, the hearing on the Motion to Dismiss is continued to coincide with the hearing on this Order to Show Cause on **June 5, 2012** at 2:00 p.m. Personal appearances will be required.

The parties are advised that no stipulation to extend the above-ordered dates and no request for an extension of time will be granted by the Court unless a Motion for Administrative Relief is filed in full compliance with Civ. L.R. 7-11.  The Court further notes that Plaintiffs' counsel failed to comply with this Court's Standing Order in Civil Cases regarding chambers copies of documents filed. Plaintiffs' counsel is **ORDERED** to review this Standing Order and comply moving forward.

**IT IS SO ORDERED.**

Dated: April 26, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**