UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DYANEL BOLES, et al.,

Plaintiffs,

vs.

COURVOISIER, et al.,

Defendants.

Case No.: 11-cv-04854-YGR

**ORDER GRANTING DEFENDANT MEZZANINE'S MOTION TO DISMISS FOR FAILURE TO FILE AN AMENDED PLEADING**

On March 14, 2012, Defendant Mezzanine filed an Amended Motion to Dismiss for Failure to File an Amended Pleading. (Dkt. No. 26 ("Motion" or "Mot.").) On April 26, 2012, the Court issued an Order to Show Cause Regarding Subject Matter Jurisdiction and Continuing Hearing on Motion to Dismiss. (Dkt. No. 44 ("OSC").) In the OSC, the Court sought supplemental briefing from any party wishing to be heard regarding whether the Court has subject matter jurisdiction in this action, fraudulent or procedural misjoinder, and whether the citizenship of any Defendants destroyed diversity. Having received supplemental briefing and responses from the interested parties, the Court finds that it does have subject matter jurisdiction over this action because (i) it may disregard the citizenship of Mezzanine as a fraudulently joined defendant and (ii) the parties do not dispute that citizenship of non-served Defendants Courvoisier, UrbanWorld, and Vibe does not destroy diversity. Because the Court has subject matter jurisdiction over this action, and having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Mezzanine's Motion to Dismiss **WITHOUT LEAVE TO AMEND**.[1]

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on June 5, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** that hearing and the Order to Show Cause hearing also set for June 5, 2012.

United States District Court
Northern District of California

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action was originally filed in the Superior Court of California, County of Alameda ("State Court") on August 7, 2009. (*See* Dkt. No. 1 at Notice of Removal of Civil Action; and Request for Jury Trial ("Notice of Removal") ¶ 2.) On July 15, 2011, the State Court sustained a demurrer filed by Mezzanine based on immunities provided by Cal. Civ. Code section 1714(c) and Bus. & Prof. Code section 25602(b) for its role in supplying alcoholic beverages. (Dkt. No. 27, Request for Judicial Notice Re: Defendant Mezzanine's Amended Notice of Motion and Motion to Dismiss for Failure to File an Amended Pleading ("Mezzanine's RJN"), Ex. B (Demurrer to the First Amended Complaint Sustained).)[2] The demurrer also granted Mezzanine's motion to strike Plaintiffs' request for punitive damages. The State Court sustained the demurrer with leave to amend on all but one claim (plus leave to amend regarding punitive damages), and instructed Plaintiffs to clearly allege facts demonstrating a basis for imposing liability that fell outside of the statutory immunities.

The State Court ordered Plaintiffs to file an amended complaint within 10 days after service of the Notice of Entry of Order. *Id.* The Court granted a stipulated request for additional time to prepare the amended complaint, until August 22, 2011. Mezzanine's RJN, Ex. D. Plaintiffs thereafter sought a two-week extension, which Mezzanine did not agree to (although it did provide an additional four days). (Dkt. No. 26-1, Declaration of John R. Meehan in Support of Mezzanine's Amended Motion to Dismiss ("Meehan Decl.") ¶ 11; Declaration of Linnea N. Willis in Response/Opposition to Defendant Mezzanine's Motion to Dismiss and Request for Leave to File Amended Complaint ("Willis Decl.") ¶ 11.) Plaintiffs' counsel sought to appear *ex parte* before the State Court to request additional time, but this was rescheduled and did not occur. Willis Decl. ¶12. On September 30, 2011, Defendant Jaguar Land Rover North America LLC's ("Land Rover") removed the case to federal court. *Id.* ¶¶ 12–13; Meehan Decl. ¶ 13; Plaintiffs' RJN, Ex. 1 (Register of Actions); *see* Notice of Removal. As of that date, Plaintiffs had failed to file an amended complaint. Willis Decl. ¶¶ 12–14; Meehan Decl. ¶ 13; *see* Register of Actions.

---

[2] The Court **GRANTS** Mezzanine's RJN and Plaintiffs' Request for Judicial Notice in Response/Opposition to Defendant Mezzanine's Motion to Dismiss and Request for Leave to File Amended Complaint (Dkt. No. 36 ("Plaintiffs' RJN")) to the extent that these documents consist of State Court Orders or documents filed in the State Court. But as to any briefs filed by the parties with the State Court, specifically relating to the demurrer, the Court takes judicial notice of the fact that these briefs were filed, but not the arguments contained therein.

United States District Court
Northern District of California

Land Rover based removal on complete diversity between "all properly joined parties" (namely, Plaintiffs Dyanel Boles, De'Lesha Mahoney, and Mona McCarthy and Defendant Land Rover) and an amount in controversy in excess of $75,000. Notice of Removal at 1. Land Rover asserted in its Notice of Removal that the removal was timely because on September 13, 2011, it ascertained, through Plaintiffs' written discovery responses, that Defendants in this action were fraudulently and procedurally misjoined. *Id.* at 2. Land Rover further asserted that the citizenship of Defendants Courvoisier, UrbanWorld, Vibe, and Mezzanine are irrelevant and should be disregarded for the purposes of diversity jurisdiction because they are either unserved, fraudulently or procedurally misjoined, or, as to Mezzanine, the claims are clearly barred by statutory immunity. *Id.* at 3–4. No motion to remand was filed in the 30 days after the filing of the Notice of Removal.[3] *See* 28 U.S.C. § 1447(c).

Mezzanine filed an Amended Motion to Dismiss on March 14, 2012. (Dkt. No. 26.) Plaintiffs filed their Response/Opposition to Defendant Mezzanine's Motion on April 11, 2012. (Dkt. No. 34 ("Opposition" or "Opp").) Mezzanine filed its Reply on April 17, 2012. (Dkt. No. 40.) Land Rover and Plaintiffs filed briefs in response to the Court's OSC on subject matter jurisdiction. (Dkt. Nos. 45 ("Land Rover's Initial Brief") & 46 ("Plaintiffs' Initial Brief")[4].) Thereafter, Mezzanine filed a Response to Plaintiffs' Initial Brief. (Dkt. No. 49 ("Mezzanine's Responsive Brief").) Land Rover and Plaintiffs also filed responsive briefs. (Dkt. Nos. 50 ("Land Rover's Responsive Brief") & 51 ("Plaintiffs' Responsive Brief").)

[3] To the extent that Plaintiffs now assert that the Notice of Removal was untimely under 28 U.S.C. section 1446(c), Plaintiffs waived this argument by failing to file a motion to remand within 30 days. 28 U.S.C. § 1447(c) (requiring "motion to remand the case *on the basis of any defect other than* lack of subject matter jurisdiction" within 30 days) (emphasis supplied); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (defects in removal jurisdiction, unlike original subject matter jurisdiction, can be waived—such as where plaintiff failed to request remand based on joinder of non-diverse defendants).

[4] Plaintiffs' Initial Brief, presented as a Motion to Remand Back to State Court for Lack of Subject Matter Jurisdiction, has been treated by the Court as Plaintiffs' brief requested by the OSC. The Court previously notified the parties that Plaintiffs' Motion to Remand was improper as a separately-noticed motion under the Local Rules, and reiterated that any party may respond to Plaintiffs' Initial Brief with a single responsive brief. (Dkt. No. 47.) The Court further stated that if Plaintiffs sought to have the Motion to Remand heard as a separate motion, they must re-file the motion in compliance with the Local Rules. *Id.*

## II. SUBJECT MATTER JURISDICTION

Land Rover contends that diversity exists because (1) Mezzanine's citizenship should be disregarded due to fraudulent joinder and (2) Courvoisier, UrbanWorld, and Vibe's citizenship should likewise be disregarded because they have not been served and Plaintiffs do not intend to prosecute the action against them. Even if the latter group's citizenship is considered, Land Rover asserts they are diverse and thus do not affect the diversity analysis.

### 1. Defendant Mezzanine

Land Rover contends that, based on the sustained demurrer, Plaintiffs have no viable claims against Mezzanine, and that their only claims are based on Mezzanine's role in supplying alcoholic beverages, which are barred by California law. Land Rover's Initial Brief at 2–3 & 5. Further, Plaintiffs have failed to identify any basis for imposing other liability on Mezzanine, as they have never filed an amended complaint or otherwise suggested how they can state a viable claim given the statutory immunities. *Id.* at 3 & 5–6.

Fraudulent joinder is an exception to the requirement of complete diversity and a district court may ignore the presence of a fraudulently joined defendant when examining diversity in the removal context. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal citations and quotations omitted); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). When a removing defendant claims fraudulent joinder, the defendant is entitled to present facts showing that the joinder is fraudulent. *Morris*, 236 F.3d at 1067–68 (district court correctly ignored defendant's joinder and held removal was proper after taking "summary judgment-type evidence" and finding it was "abundantly obvious" that plaintiff could not prevail on claims against that defendant); *Ritchey*, 139 F.3d at 1319–20 (state law defense of statute of limitations is a procedural bar to the action, regardless of its merits, that may be considered for "fraudulent joinder" purposes whether it appears on the face of the pleadings or from matters subject to judicial notice). As one Northern District Court has recently stated, "[j]oinder will not be deemed fraudulent unless there clearly can be no recovery under state law on the cause alleged or on the facts as they exist when the petition to remand is heard." *Villains, Inc. v. American*

*Economy Ins. Co.*, No. C-12-0828 EMC, 2012 U.S. Dist. LEXIS 60140, at *5–6 (quoting 15-102 Moore's Federal Practice – Civ. § 102.21[5][a]) (alteration in original).

Plaintiffs' Initial and Supplemental Briefs fail to respond to the substance of Land Rover's fraudulent joinder arguments and its legal authorities. Plaintiffs state (in both Briefs), without providing responsive legal authority, that "Defendants cannot show (because it is not true) that Plaintiffs fraudulently or procedurally joined any party herein." Plaintiffs' Initial Brief at 2 & Responsive Brief at 3. Rather than analyzing the issue of fraudulent joinder or why Mezzanine's citizenship should not be disregarded, Plaintiffs simply reiterate that there is no complete diversity because Mezzanine is a California state resident. Plaintiffs' Initial Brief at 1, 4 & Responsive Brief at 2.

Without any additional authority to consider from Plaintiffs, the Court agrees with Land Rover that Plaintiffs have failed to state a claim against Mezzanine in the operative complaint and that failure is obvious under state law. *Hunter*, 582 F.3d at 1043. In *Villains*, the district court held that plaintiffs' complaint "d[id] not contain adequate allegations to implicate the exception to the agency immunity rule," and thus it was "clear that there is no viable aiding and abetting claim." 2012 U.S. Dist. LEXIS 60140, at *12 ("The joinder of [defendants] is therefore fraudulent and their citizenship may be disregarded. Plaintiffs' motion to remand for lack of diversity jurisdiction is accordingly denied.") Based on the State Court's ruling on the demurrer, Plaintiffs' claims of negligence, negligent supervision and/or liability of employer for acts of employees, negligent maintenance, control and operation of premises, premises liability, and intentional infliction of emotional distress are all clearly barred by Civ. Code section 1714(c) and Bus. & Prof. Code section 25602(b). A motion for leave to amend has not been filed in this action, and thus the Court has no basis upon which to believe that Plaintiffs could state a claim.[5] Even considering the vague statement in Plaintiffs' Initial Brief that "there are various other theories against Defendant Mezzanine beyond

[5] In a Joint Case Management Conference Statement filed by the parties on January 27, 2012, "Plaintiffs state[d] that they intend to immediately file an Amended Complaint." (Dkt. No. 20 at 3.) At the time of this Statement, approximately 120 days had passed since the date of removal. It has now been over 245 days since removal and no amended complaint or motion for leave to file an amended complaint has been filed. Moreover, Plaintiffs indicated that they were "in the process of preparing" a motion to remand, but counsel did not file anything until *after* the Court's OSC, and by that time, on May 10, 2012, over 220 days had passed.

United States District Court
Northern District of California

United States District Court
Northern District of California

their mere function of serving alcohol. . . . Defendant Mezzanine's employees did other actions in mismanaging the event, in renting out the event to persons who mismanaged the event and other grounds" (Plaintiffs' Initial Brief at 3), Plaintiffs have already made such allegations in the operative complaint. They already alleged that Mezzanine had a duty to "properly market, sell and promote the event" and that Defendants, including Mezzanine, "negligently owned, supervised, trained, maintained, controlled and operated their businesses, employees, agents and the transactions mentioned herein . . . [and] fail[ed] to properly own, supervise, train, maintain, control and operate their businesses, employees, agents and the transactions herein." Plaintiffs' RJN, Ex. 2 (operative complaint) ¶¶ 30, 37, 49 & 62; *see also* Dkt. No. 1.) Plaintiffs' Opposition also contains a section entitled "Additional Facts Regarding Mezzanine," but these additional facts merely re-hash theories of liability based on the provision of alcohol. *See* Opposition at 4–5 (Mezzanine knew it was a "dangerous condition and manner to operate" by "providing free drink tickets . . . at a dangerous pace" and "Mezzanine is still responsible no matter what for allowing the dangerous condition to occur on the premises, and to allow the free Courvoisier drink tickets to be handed out at an alarming and dangerous pace"). Ultimately, on the record that the Court has before it, there is no claim stated against Mezzanine and the inability to state a claim is obvious in light of Mezzanine's statutory immunities for providing alcohol.

As to Plaintiffs' argument that Mezzanine did not join in removal, this defect is not jurisdictional and thus a motion to remand must have been filed within 30 days. *See* 28 U.S.C. § 1447(c); *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (district court has "no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal).[6] Even so, a non-joining defendant can join after removal. *Destfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011) (while all properly-served defendants must join in a petition for

---

[6] *Borden v. Blue Cross & Blue Shield of Wesetern New York*, 418 F. Supp. 2d 266, 270 (W.D.N.Y. 2006) ("Generally, if a non-jurisdictional defect in the removal proceeding, such as the lack of unanimity, is not raised in a motion to remand, it is waived."); *Miller v. Nat'l Brokerage Services, Inc.*, 782 F. Supp. 1440, 1441 (D. Nev. 1991) (removal without the timely consent of all defendants does not deprive court of subject matter jurisdiction, and further, plaintiff waived objection to removal under 28 U.S.C. § 1447(c) by not objecting within 30 days after notice of removal).

removal, "[i]f this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment"); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("A procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court.") (alteration and internal citations omitted). Mezzanine has stated in its Responsive Brief that it "requests that this Court ignore the sham diversity issue, retain jurisdiction, and dismiss [it] from the action." Mezzanine's Responsive Brief at 5.[7]

For the reasons set forth above, the Court finds that the Mezzanine is a fraudulently joined defendant and its citizenship may be disregarded in analyzing whether diversity and subject matter jurisdiction exist.

**2. Defendants Courvoisier, UrbanWorld, and Vibe**

Because they were not (and have not been) properly served, Courvoisier, UrbanWorld, and Vibe were not required to join in Land Rover's removal. *Destfino*, 630 F.3d at 955–56. In addition, the parties do not seem to dispute that these Defendants do not destroy the diversity analysis. Plaintiffs' Initial Brief at 2; Land Rover's Initial Brief at 6–7. Because Courvoisier, UrbanWorld, and Vibe's citizenship do not destroy diversity, and Mezzanine's citizenship may be disregarded, the Court finds that diversity exists and it has subject matter jurisdiction in this action.

## III. MEZZANINE'S MOTION TO DISMISS

Having determined that subject matter jurisdiction exists, the Court now considers Mezzanine's Motion to Dismiss. After a case has been removed, the Federal Rules of Civil Procedure apply. Fed. R. Civ. P. 81(c)(1). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Mezzanine's Motion to Dismiss clearly seeks dismissal "with prejudice for failure to timely file an amended pleading after [the State Court] sustain[ed] a Demurrer with leave to amend." Mot. at 3; *see*

[7] Plaintiff objects to Mezzanine's Responsive Brief because it raises issues to which Plaintiffs cannot respond under the Court's OSC briefing schedule. Plaintiffs' Responsive Brief at 2. However, the Court's OSC did not require that a party file an initial brief in order to respond—rather, the Court allowed any party wishing to be heard to file an initial or responsive brief. OSC at 2. Regardless, the Court did not rely on Mezzanine's Responsive Brief for any argument, and only relied upon the above-quoted request. Any response that Plaintiffs had to Mezzanine's Responsive Brief would not change the Court's decision because it would not change Mezzanine's desire to proceed in federal court with its Motion to Dismiss.

*id.* at 4 (requesting that the court entertain the motion to dismiss based on its inherent power to regulate matters before it). "The longstanding principle is that after removal, the federal court takes the case up where the State court left it off." *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70,* 415 U.S. 423, 436 (1974)) (internal quotations and alteration omitted).

The amended complaint in State Court was due on August 26, 2011. At the time of removal, there was no pending motion to extend Plaintiffs' time to amend the complaint and Plaintiffs' counsel intended to, but had not, rescheduled her *ex parte* appearance to seek the same. Plaintiffs' RJN, Ex. 1; Willis Decl. ¶ 12 & Ex. A.[8] While counsel indicated in late January 2012 that Plaintiffs would be immediately filing a motion to remand or an amended complaint, an amended complaint (or motion for leave to file an amended complaint) has not been filed. This remains true despite any confusion that removal may have caused. Even considering that Plaintiffs eventually filed a motion to remand (but only in response to the Court's OSC), this was filed over 220 days after removal. The delay and failure to prosecute Plaintiffs' action under these circumstances is extreme. Further, Plaintiffs' Opposition and counsel's declaration do not provide this Court with good cause for Plaintiffs' failure to act in either moving to remand or attempting to file an amended complaint. To the contrary, the underlying record reveals repeated extensions and delay. *See* Willis Decl., Ex. B.

Despite Plaintiffs' emphatic statements that Mezzanine is an active defendant and that they are entitled to amend, the fact remains that Plaintiffs have failed to act timely or with any diligence to amend the complaint against Mezzanine. Currently, no claims are pending against it. Mezzanine has remained in limbo as a Defendant in this action since July 2011, without having any concrete claims alleged against them. Fairness requires that it not be kept in this action simply because of Plaintiffs' counsel's schedule and failure to move forward with an amended complaint in any way (even in light of the pending Motion to Dismiss). The Court finds that based on Plaintiffs' extreme and

[8] Cal. Code Civ. Proc. ("CCP") section 581(f)(2) state that the court may dismiss the complaint as to a defendant when "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." *See also* CCP § 581(f)(4) (stating the same following a motion to strike). While Mezzanine did not formally move for dismissal before the State Court, CCP section 581(m) states that "[t]he provisions of this section shall not be deemed to be an exclusive enumeration of the court's power to dismiss an action or dismiss a complaint as to a defendant." As such, dismissal was in the State Court's discretion at the time of removal and this Court took the case in that posture.

unreasonable delay in filing an amended complaint or in taking any action to substantively prosecute this action, and its clearly-applicable statutory immunities, Defendant Mezzanine must be **DISMISSED WITH PREJUDICE**.

## IV. ORDER TO SHOW CAUSE REGARDING WHY COURVOISIER, URBANWORLD, AND VIBE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

Plaintiffs' counsel states that she was getting ready to serve Courvoisier, UrbanWorld, and Vibe at the time of removal, and that there was confusion over the process for serving Courvoisier under the Hague Convention and the location of the remaining unserved Defendants. Plaintiffs' Initial Brief at 2.

As noted above, the Federal Rules of Civil Procedure apply after a case has been removed. Fed. R. Civ. P. 81(c)(1). Fed. R. Civ. P. 4(m) states that an action must be dismissed against a defendant not served within 120 days after the complaint is filed. *See also* 28 U.S.C. § 1448 (if a defendant has not been served prior to removal, service may be completed in the same manner as in cases originally filed in district court). It has been over 245 days since *removal* of this action and the action was *first filed* in State Court on August 7, 2009.

Plaintiffs are hereby **ORDERED TO SHOW CAUSE** regarding why this action should not be dismissed as to Courvoisier, UrbanWorld, and Vibe under Fed. R. Civ. P. 4(m) on July 2, 2011 on the Court's 2:01 p.m. calendar in the Federal Courthouse, 1301 Clay Street, Oakland, California, in a courtroom to be designated. By five (5) business days prior, Plaintiffs must file a written response to this Order explaining whether there is good cause for failure to serve Defendants within the allowed time period under Rule 4(m). Personal appearances of counsel for Plaintiffs and Land Rover are required.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Mezzanine's Motion to Dismiss **WITH PREJUDICE**. This Order terminates Dkt. No. 26 and **VACATES** all hearing dates on June 5, 2012.

**IT IS SO ORDERED.**

United States District Court
Northern District of California

Dated: June 4, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California